IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| JEFFERY TYRONE THOMAS, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:15-CV-0208 |
| | § | |
| WILLIAM STEPHENS, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## REPORT AND RECOMMENDATION TO DISMISS
## PETITION FOR A WRIT OF HABEAS CORPUS

Petitioner has filed with this Court a Petition for a Writ of Habeas Corpus by a Person in State Custody. Petitioner is presently incarcerated at the Clements Unit in Potter County, Texas pursuant to three (3) convictions, one conviction for the offense of aggravated robbery, and two convictions for the offense of aggravated assault, out of the 213th Judicial District Court of Tarrant County, Texas.[1] *See State v. Thomas*, Nos. 1007760D, 1008950D and 1012450D. By his federal habeas application, petitioner challenges a February 12, 2015 prison disciplinary proceeding conducted at the Clements Unit in Potter County, Texas wherein petitioner was found guilty of "[k]nowingly making false statements for the purpose of harming another person or during an official investigation" under Offense Code 29.0 of the Disciplinary rules and Procedures for Offenders. Petitioner acknowledges he did not lose previously accrued good time as the result of

---

[1] On August 4, 2006, petitioner was sentenced to 15 years imprisonment for each conviction. It appears petitioner's sentences were ordered to run concurrently.

the disciplinary proceeding.

In order to challenge a prison disciplinary adjudication by way of a federal petition for a writ of habeas corpus, a petitioner <u>must, at a minimum, be eligible for mandatory supervised release **and** have received a punishment sanction which included forfeiture of previously accrued good-time credits</u>. *See Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000). Review of the online Offender Information Detail maintained by the Texas Department of Criminal Justice confirms petitioner is incarcerated pursuant to the aggravated robbery and aggravated assault offenses. As of September 1, 1987, a prisoner serving a sentence for the offense of aggravated robbery or aggravated assault is not eligible for mandatory supervised release. Tex. Code Crim. Proc. art. 42.18, §(8)(c)(5), (11), (1987) (now Texas Gov't Code §§ 508.149(a)(7), (12) (2015)). As petitioner is not eligible for mandatory supervised release, he may not challenge a prison disciplinary proceeding by way of a federal petition for a writ of habeas corpus. *See Malchi*, 211 F.3d at 958.

Further, in his habeas application, petitioner acknowledges he did not lose previously earned good-time days as a result of the disciplinary proceeding herein challenged. *See* Question 18. Because petitioner did not receive a punishment sanction that included forfeiture of previously accrued good time credits, as the law in the Fifth Circuit currently stands,[2] petitioner is not entitled to federal habeas corpus relief. Petitioner's habeas application should be DISMISSED.

Petitioner also appears to be alleging several civil rights violations which occurred in the Robertson Unit in Abilene, Texas. To the extent, if any, petitioner is attempting to assert civil rights violations, the appropriate action would be a civil rights complaint under 42 U.S.C. § 1983, not a habeas corpus proceeding under 28 U.S.C. § 2254. Although petitioner appears to be seeking relief

---

[2]The loss of recreation and commissary privileges is not an action challengeable in federal habeas corpus. *See Sandin v. Conner*, 515 U.S. 474, 486, 115 S.Ct. 2293, 2301, 132 L.Ed.2d 418 (1995); *Madison v. Parker*, 104 F.3d 765, 765 (5th Cir. 1997). Similarly, petitioner's confinement in solitary confinement or administrative segregation is not redressible in federal habeas corpus. *See Sandin*, 515 U.S. at 473, 115 S.Ct. at 2295. The Fifth Circuit has also specifically evaluated changes to line classification and held such changes are not challengeable in federal habeas corpus. *See Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995).

only available under a section 1983 proceeding, this Court declines to re-designate the habeas petition as a civil rights complaint because doing so would obligate petitioner to pay the $400 filing fee and subject him to the Prison Litigation Reform Act (PLRA) filing fee requirements without his choosing to do so. Petitioner, of course, may pursue any section 1983 claims in a separate lawsuit by using the forms available to him at his unit of incarceration.

## RECOMMENDATION

It is the RECOMMENDATION of the undersigned United States Magistrate Judge to the United States District Judge that the petition for a writ of habeas corpus filed by petitioner JEFFERY TYRONE THOMAS be DISMISSED.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this __29th__ day of June 2015.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## \* NOTICE OF RIGHT TO OBJECT \*

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the

signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).